# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-1211-MLB-DWB |
| | ) |
| TOD ALEXANDER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are three motions filed by Plaintiff in this case:

1. Plaintiff's Motion to Compel responses to the discovery requests posed to Defendant Tod Alexander. (Doc. 15.) Defendant did not file an actual reply, but rather refused "acceptance" of the motion. (*See* Doc. 18.)

2. Plaintiff's Motion for Extension of Time to Submit a Proposed Pretrial Order. (Doc. 17.) Defendant did not respond to the motion but rather again refused "acceptance" of the motion. (*See* Doc. 19.)

3. Plaintiff's Motion for Extension of Time to File Dispositive Motions. (Doc. 20.) Defendant has not responded to that motion nor has he filed his standard refusal of "acceptance." The time for filing any response has expired. *See* D. Kan. Rule 6.1(d)(1). As such this is considered to be an uncontested motion. D. Kan. Rule 7.4.

After a review of the submissions of the parties, the Court is prepared to rule on Plaintiffs' motions.

## BACKGROUND

Plaintiff United States of America filed the present action on July 26, 2007, seeking to foreclose federal tax liens on various property owned by Defendant Alexander in Kiowa County, Kansas. (Doc. 1.) The Kansas Department of Revenue was included as a Defendant to the extent it claims an interest in the property at issue. Alexander filed his Answer on August 21, 2007, generally denying Plaintiff's allegations. (Doc. 3.) Attached to his Answer, Alexander included a document entitled "Affidavit Refusing to Accept the Notice of Deficiency For Cause Without Dishonor & Notice." (Doc. 3, at 3-8.)

Alexander filed a Motion to Dismiss (Doc. 10) on December 21, 2007. The motion was supported by a two sentence brief contending that Plaintiff had "failed to cite a statute that gives the Court jurisdiction over their action . . ." (Doc. 11.) The District Court denied Alexander's motion on January 17, 2008. (Doc. 13.)

A Scheduling Order was entered on November 29, 2007. (Doc. 8.) As outlined by that order, initial disclosures under Fed. R. Civ. P. 26(a)(1) were to be served on or before December 14, 2007;[1] all discovery was to be completed by March 31, 2008; a proposed pretrial order was to be submitted to Judge Belot by

---

[1] The Court docket sheet does not contain any certificate stating that Defendant has made the required Rule 26(a)(1) disclosures.

April 21, 2008; and a pretrial conference was scheduled with Judge Belot for May 5, 2008 at 1:30 p.m.

Plaintiff served its initial discovery requests (interrogatories, requests for production, and requests for admission) on Plaintiff on February 15, 2008. (Doc. 15, at 1.) On February 25, 2008, Alexander filed a document entitled "In Response to United States Request for Admissions, Production of Documents, and Interrogatories: Answered by: Affidavit by Verified Declaration, Notice of Demand for Verified Assements(s) [sic]." (Doc. 14, at 1-4.) That document consisted of Alexander's sworn "Affidavit by Verified Declaration," in which Alexander stated various arguments as to why the Internal Revenue Service is not a legitimate agency of the United States government. (*Id.*) None of the documents submitted by Alexander, however, contained actual responses to Plaintiff's discovery requests. Attached as part of this document were copies of Plaintiff's interrogatories, requests for production of documents and requests for admission. On the first page of each of these documents, Defendant had written "Acceptance Refused For Cause Without Dishonor" and the date of "2-22-08." (*See* Doc. 14 at 17, 24, 36.)

Counsel for Plaintiff made several unsuccessful attempts to communicate with Alexander regarding the outstanding discovery requests. (Doc. 15, at 2.)

These efforts constitute compliance with movant's duty to confer as required by D.Kan. Local Rule 37.2.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 33, 34, and 36, a party responding to interrogatories, requests for production, and/or requests for admissions, respectively, is required to serve answers and objections within 30 days after service. Each discovery request must be answered separately and under oath, unless specifically objected to. Grounds for objections must also be stated with specificity and objections not stated in a timely manner are waived unless excused by the Court. A request for admission will be considered admitted if a written answer or objection is not served within 30 days of service. Fed. R. Civ. P. 36(a)(3).[2]

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery into any matter, not privileged, that is relevant to the claim or defense of any party. "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."

---

[2] In the present action, Plaintiff has merely seeks an Order requiring Alexander to "properly respond" to the discovery requests at issue, including the requests for admission. (Doc. 15, at 3.)

*Audiotext Comm. Network, Inc., v. US Telecom, Inc.,* No. 94-2395, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995) (citing *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan.1991)).

"When the discovery sought appears relevant on its face, the party resisting the discovery bears the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Dean v. Anderson*, No. 01-2599, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002). "The party opposing discovery cannot simply make conclusory allegations that the request is irrelevant, but must specifically show how each discovery request is irrelevant." *Audiotext*, 1995 WL 625962, at *3 (citations omitted). "When 'relevancy is not apparent, [however], it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" *Dean*, 2002 WL 1377729, at *2 (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)). A request for discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action. *Haggard v. Standard Register Co.*, No. 01-2513, 2003 WL 365955 (D. Kan. Jan. 21, 2003).

In contravention of the Federal Rules of Civil Procedure, the substance of Defendant Alexander's filings unequivocally indicate that he does not intend to answer the discovery requests at issue.  Unfortunately, he has failed to provide the Court with any legitimate, substantive basis for his refusal, either in his response to Plaintiff's motion (Doc. 18) or in the affidavit he filed in response to the discovery requests.  (Doc. 14.)  The arguments and contentions contained in Defendant's affidavit (Doc. 14, at 1-4) are not directed at the discovery requests at issue.  Rather, they seem more suited for a motion to dismiss or some other dispositive argument, and Defendant has already filed a motion to dismiss which was denied.

The Court finds Plaintiff's discovery requests to be relevant on their face.  The requests seek information relating to the tax assessments at issue; the communication and notice Alexander received regarding the assessments; his ownership interest in the land at issue; Alexander's assets, liabilities, and sources of income; and his involvement with/relationship to a trust to which the property at issue is alleged to have been conveyed.  (*See generally* Docs. 15-3, 15-4, 15-5.)  Because Alexander has wholly failed to "specifically show how each discovery request is irrelevant," *Audiotext*, 1995 WL 625962, at *3, the Court must **GRANT** Plaintiff's Motion to Compel (Doc. 15) in its entirety.  Defendant is therefore

ordered to provide full and complete responses to Plaintiff's discovery requests, without further objections, and to serve these answers and responses not later than **July 11, 2008.** Defendant's failure to comply with this Order may lead to the imposition of sanctions including, but not limited to the granting of judgment in favor of Plaintiff, and/or the imposition of monetary sanctions. Furthermore, the failure to comply with this order to provide full and complete responses to Plaintiff's requests for admission may result in an order deeming those requests for admission to have been admitted for all purposes.

Plaintiff's motions to extend the time for submission of a proposed pretrial order (Doc. 17), and to extend the time to file dispositive motions (Doc. 20) are both **GRANTED**. Both the contents of the pretrial order and the subject of any dispositive motion may be dependent upon the specific responses provided by Defendant to the outstanding discovery responses. The Court will therefore set new deadlines for both of these matters after determining whether Defendant has complied with the requirements of this Order concerning responses to discovery requests.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 15) is **GRANTED**. Defendant Alexander is hereby directed to serve full and complete answers and responses to Plaintiff's outstanding discovery requests on or

before **July 11, 2008**, and to produce copies of all documents which are responsive to document requests allowed by this Order on or before that date as well.  Because Defendant failed to respond and/or object to the specific discovery requests in a timely manner, Defendant shall respond to all of the discovery requests at issue without further objection.  Defendant's failure to provide complete answers to Plaintiff's discovery requests as required by this Order, may result in the imposition of sanctions against Defendant including but not limited to monetary sanctions and/or the granting of judgment in favor of Plaintiff on the claims in this case.  In addition, should Defendant fail to provide complete answers to Plaintiff's requests for admission by the above-stated deadline, the Court shall deem the requests for admission to be admitted.

**IT IS FURTHER ORDERED** that Plaintiff's motions to extend the time for submission of a proposed pretrial order (Doc. 17), and to extend the time to file dispositive motions (Doc. 20) are both **GRANTED**.  The Court will set new deadlines by subsequent order.

A copy of this Order is to be sent to Defendant by Certified Mail, Return

Receipt Requested.

Dated at Wichita, Kansas on this 11th day of June, 2008.

    s/   Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge